ANSTEAD, Judge,
dissenting.
I would affirm all of appellant’s convictions except for the charge of attaching an improper license plate to a motor vehicle. It is undisputed that the only evidence of that crime was presented in the form of a hearsay statement by a police dispatcher to the arresting officer who had already stopped appellant’s vehicle on a traffic stop because of defective equipment. The appellant objected to the admission of this hearsay both before and during trial. It is a fundamental principle of our justice system that the commission of an offense cannot be proven by a witness saying, in essence, that a crime was committed because someone told him so. That is precisely what the hearsay rule is all about.
I also disagree with the majority’s characterization of defense counsel’s opening and closing statements to the jury and failure to move for a directed verdict. Having specifically objected to the hearsay testimony in advance of trial and having been specifically overruled, it is not surprising that defense counsel would concede that there would be evidence presented that the tag didn’t belong on the vehicle. The same is true of a closing statement conceding that this evidence was presented. At no time, however, was the defendant’s responsibility for having the tag on the vehicle conceded. As to the absence of a motion for directed verdict, it is apparent that such motion could not have been properly made in the face of the admission of the hearsay testimony. It is the admission of the improper evidence that was error and that was challenged, before and during trial.